RE: INFORMAL ADVISE ON THE GOVERNOR'S POWER, THROUGH AN EXECUTIVE ORDER, TO EMPOWER THE OKLAHOMA HORSE RACING COMMISSION TO REGULATE NON PARI-MUTUEL RACES.
I AM WRITING TO MEMORIALIZE THE ADVICE I GAVE YOUR LEGISLATIVE LIAISON, MICK THOMPSON, LATE LAST WEEK, REGARDING THE USE OF EXECUTIVE ORDERS. THE QUESTION PRESENTED BY MR. THOMPSON WAS:
 CAN THE GOVERNOR, THROUGH THE USE OF AN EXECUTIVE ORDER, EMPOWER THE OKLAHOMA HORSE RACING COMMISSION TO REGULATE NON PARI-MUTUEL RACING ACTIVITIES?
BACKGROUND GIVING RISE TO THE QUESTION PRESENTED
HOUSE BILL NO. 1261 OF THE FIRST REGULAR SESSION OF THE 43RD LEGISLATURE, 1991, OKLA. SESS. LAWS, CH. 269, AT SECTION 8, AMENDED THE PROVISIONS OF 3A O.S. 205.2 (1990), BY DELETING ALL REFERENCES TO THE HOUSE RACING COMMISSION'S LICENSING AND REGULATION OF NON PARI-MUTUEL HORSE RACING. THIS BILL, WHICH WAS PASSED WITH AN EMERGENCY CLAUSE, WENT INTO EFFECT ON JULY 1, OF THIS YEAR. AS OF THAT DATE, THE STATUTE HAD THE EFFECT OF REMOVING THE LICENSING AND REGULATION OF NON PARI-MUTUEL RACING FROM THE HORSE RACING COMMISSION'S JURISDICTION. IT IS MY UNDERSTANDING THAT SOME NON PARI-MUTUEL FACILITIES HAD REQUESTED THE NEW LEGISLATION, BECAUSE THEY NO LONGER WISH TO BE UNDER THE COMMISSION S REGULATORY POWER. SINCE THE EFFECTIVE DATE OF THE NEW LAW, HOWEVER, AT LEAST ONE OF THE FACILITIES THAT REQUESTED THE AMENDMENT HAS DISCOVERED THAT IT MAY BE DIFFICULT, IF NOT IMPOSSIBLE, FOR ANY RACES IT CONDUCT TO BE RECOGNIZED BY ORGANIZATIONS SUCH AS THE AMERICAN QUARTER HORSE ASSOCIATION, UNLESS THE RACES ARE SANCTIONED BY A NATIONALLY RECOGNIZED TURF GOVERNING BODY," SUCH AS THE RACING COMMISSION.
BECAUSE THE LEGISLATURE IS NO LONGER IN SESSION TO ADDRESS THIS PROBLEM, YOU HAVE INQUIRED WHETHER THE GOVERNOR, THROUGH AN EXECUTIVE ORDER, CAN EMPOWER THE HORSE RACING COMMISSION, OR SOME OTHER STATE ENTITY, SUCH AS THE AGRICULTURE DEPARTMENT, TO REGULATE NON PARI-MUTUEL RACING.
DISCUSSION
ALTHOUGH, UNDER THE STATE CONSTITUTION, THE GOVERNOR IS REQUIRED TO CAUSE THE LAWS OF THE STATE TO BE FAITHFULLY EXECUTED, HE HAS NO POWER TO MAKE LAW, BECAUSE THE LAWMAKING POWERS (WITH THE EXCEPTION OF THE GOVERNOR'S VETO POWERS) ARE VESTED SOLELY IN THE LEGISLATIVE BRANCH OF GOVERNMENT. ACCORDINGLY, THE OKLAHOMA SUPREME COURT LONG AGO RECOGNIZED THAT UNDER THE PROVISIONS OF ARTICLE VI, SECTION 1 OF THE CONSTITUTION, ". . . (N)O ORDER, PROCLAMATION, OR DECREE OF THE GOVERNOR OF THE STATE, AS THE CHIEF EXECUTIVE THEREOF, HAS THE FORCE OF LAW; THE LAWMAKING POWER OF THE STATE BEING VESTED EXCLUSIVELY ELSEWHERE. RUSSELL PETROLEUM COMPANY V. WALKER, 19 P.2D 582, 587 (OKLA. 1933).
IN THE RUSSELL CASE, THE STATE SUPREME COURT FOUND THAT GOVERNOR WILLIAM H. MURRAY, BY VIRTUE OF EXECUTIVE ORDERS, COULD NOT EMPOWER THE CORPORATION COMMISSION TO TAKE VARIOUS ACTS AGAINST OIL PRODUCERS, AS THE ORDER'S REQUIREMENTS DO NOT PURPORT TO BE UNDER ANY AUTHORITY CONFERRED BY LAW ON THE CORPORATION COMMISSION.N ID. ALSO SEE ATTORNEY GENERAL'S OPINION NO. 77-191, WHICH HELD THAT THE OKLAHOMA WATER RESOURCES BOARD, BY VIRTUE OF AN EXECUTIVE ORDER, CANNOT GAIN NEW POWER AND AUTHORITY.
AS NOTED ABOVE, BY VIRTUE OF RECENTLY ENACTED HOUSE BILL 1261, THE OKLAHOMA HORSE RACING COMMISSION NO LONGER IS VESTED WITH THE POWER OR JURISDICTION TO REGULATE OR LICENSE NON PARI-MUTUEL RACING. BECAUSE THE PREROGATIVES OF A GOVERNOR'S EXECUTIVE ORDER ARE LIMITED TO THE ENFORCEMENT OF EXISTING LAW, AND CANNOT GRANT EXISTING AGENCIES POWER THEY DO NOT ALREADY POSSESS, AN EXECUTIVE ORDER CANNOT BE USED TO EMPOWER THE HORSE RACING COMMISSION TO ONCE AGAIN REGULATE NON PARI-MUTUEL RACING. THE COMMISSION'S JURISDICTION OVER NON PARI-MUTUEL RACING HAS BEEN REMOVED BY VIRTUE OF LEGISLATIVE ACTION, AND THE GOVERNOR MAY NOT THROUGH AN EXECUTIVE ORDER RESTORE SUCH POWER. RATHER, SUCH POWER CAN ONLY BE RESTORED BY FUTURE LEGISLATIVE ACTION.
CONCLUSION
AN EXECUTIVE ORDER ISSUED BY THE GOVERNOR OF THE STATE OF OKLAHOMA MAY ONLY BE PROPERLY USED TO ENFORCE EXISTING LAWS, AND MAY NOT BE USED TO MAKE LAW, THE LAWMAKING POWERS, (EXCEPT FOR THE GOVERNOR'S VETO POWERS) BEING EXCLUSIVELY VESTED IN THE LEGISLATURE. BECAUSE AN EXECUTIVE ORDER CAN ONLY BE USED TO ENFORCE EXISTING LAW, AND BECAUSE UNDER EXISTING LAW THE OKLAHOMA HORSE RACING COMMISSION LACKS THE JURISDICTIONAL POWER TO REGULATE NON PARI-MUTUEL HORSE RACING, THE GOVERNOR, BY USE OF AN EXECUTIVE ORDER, CANNOT EMPOWER THE COMMISSION TO REGULATE SUCH RACING.
(NEAL LEADER)